IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

  v.                                               CRIMINAL NO. 2:22-CR-19
                                                                    (KLEEH)

**DONALD RAY CANTRELL,**

       **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 188]**

Pending is the motion of the defendant, Donald Cantrell ("Cantrell"), to dismiss the Indictment in this case [ECF No. 188]. For the reasons that follow, the Court **DENIES** the motion.

## I.    Background

On August 16, 2022, a grand jury named Cantrell and his co-defendant, Pansy Loraine Ray ("Ray"), in a three-count Indictment and Forfeiture Allegation [ECF No. 1]. Cantrell is charged with Conspiracy to Distribute More than 50 grams of Methamphetamine (Count 1), Unlawful Possession of a Firearm (Count 2), and Possession with the Intent to Distribute More than 50 grams of Methamphetamine (Count 3). Id.

On September 28, 2022, Cantrell moved to suppress physical evidence (suspected methamphetamine and paraphernalia) found by state police during a February 4, 2022-search of his home [ECF No. 43]. He argued that the search was illegal because it was premised

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS [ECF NO. 188]**

on a "bare bones" search warrant that was not supported by probable cause. Id.  The government opposed the motion and submitted the warrant application into the record [ECF No. 47].  The Court heard argument on Cantrell's suppression motion on October 18, 2022 [ECF No. 55].  Neither party offered evidence or testimony beyond the warrant application.

On November 16, 2022, the Court issued a Memorandum Opinion and Order denying Cantrell's motion [ECF No. 63].  It found the warrant application to be supported by substantial evidence to demonstrate probable cause for the search, such as: (1) a tip from a reliable confidential informant that Cantrell would be selling methamphetamine in the near future, (2) the discovery of a firearm in Cantrell's home on February 2, 2022, (3) the unexplained presence of large sums of cash in Cantrell's home, (4) Cantrell's use of code in jail calls, including his use of a code name for his co-defendant, and (5) the presence of Brian Smith, a known methamphetamine distributor, in Cantrell's home.  The Court also found that, even if the disputed warrant application was not supported by probable case, it was salvaged by the Leon good faith exception.

In December 2022, the Court appointed new counsel to represent Cantrell.  Thereafter, in June 2023, defense counsel sought leave to file a second motion to suppress [ECF No. 137].  The Court

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS [ECF NO. 188]**

granted this request. In his second suppression motion, filed July 24, 2023, Cantrell asked the Court (1) to reconsider its finding that there was probable cause for the search warrant and (2) to convene a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), because the warrant application contains false or misleading information [ECF No. 165]. Id. The Government opposed the motion [ECF No. 170].

The Court denied Cantrell's second motion to suppress after hearing argument. As to probable cause, Cantrell asserted that the parties should have offered testimony from the affiant officer and the confidential informant during the first suppression hearing. The Court dismissed this argument as meritless because, in determining probable cause, its review was limited to the four corners of the warrant application.

Cantrell also asserted that the Court erred in relying on certain evidence to find probable cause for the warrant, including (1) information provided by the confidential informant related to the time and place of a future drug transaction and the identity of Cantrell's supplier and (2) his use of code in jail calls. In rejecting this argument, the Court concluded that the information provided by the confidential informant supported probable cause because the informant's veracity, reliability, and basis of knowledge had been established and the tips were corroborated by

other evidence. The Court also explained that, even if Cantrell had not used code in reference to his co-defendant, probable cause existed for the warrant without any information pertaining to her.

Finally, the Court concluded that Cantrell was not entitled to present evidence to challenge the veracity of the search warrant affidavit pursuant to Franks v. Delaware, 438 U.S. 154 (1978). He could not make a substantial preliminary showing that the warrant application contained false or misleading information, that the affiant either knowingly and intentionally made a false statement or was reckless with regard to the truth, or that the contested portions of the warrant application were material to a finding of probable cause.

## II.  Motion to Dismiss

Cantrell moved to dismiss the Indictment on September 6, 2023 [ECF No. 188]. The Government opposed the motion. The Court heard argument on September 26, 2023. Cantrell contends that his due process rights have been violated in two ways.

First, he asserts that he did not consent to his prior attorney's request to continue the trial in this matter as initially scheduled. The relevant facts are as follows. Cantrell was indicted on August 16, 2022 [ECF No. 1]. The Court scheduled his trial to begin on October 24, 2022 [ECF No. 40]. Cantrell

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 188]**

filed his first motion to suppress on September 28, 2022 [ECF Nos. 43, 48]. The Court scheduled a motion hearing for October 18, 2022 [ECF No. 55]. On October 11, 2022, Cantrell's counsel moved to continue the trial because he believed that the motion to suppress was dispositive of this case and that "having a ruling well before trial . . . will better preserve a potential reduction for acceptance of responsibility given the parties need not engage in immediate trial preparations" [ECF No. 50]. The Court granted Cantrell's motion on this basis [ECF No. 51].

Cantrell now asserts that his counsel moved to continue the trial without his consent and deprived him of the opportunity to take advantage of the Government's lack of preparation. "[A] motion for continuance to prepare for trial is a classic example of a strategic decision by counsel that the court must presume reasonable." United States v. Nichols, 2015 WL 1000727, at *11 (W.D. Va. Mar. 5, 2015) (citing Strickland v. Washington, 466 U.S. 668, 689-90 (1984)). Such is the case here. Counsel's motion set forth the strategic advantage he believed Cantrell would gain from continuing the trial. The Court cannot find this unreasonable. Nor can the Court find that Cantrell was prejudiced based on his mere speculation that the Government would have been unprepared to proceed to trial on October 24, 2022. The Court denies Cantrell's motion to dismiss on this basis.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS [ECF NO. 188]**

Cantrell next argues that his right to due process has been violated because the Government failed to disclose pertinent information. While acknowledging that the Government timely disclosed its discovery in September 2022, Cantrell asserts that these disclosures did not inform him of (1) the confidential informant's identity and the Government's intent to call them as a witness, and (2) the Government's position that Cantrell had used a code name for his co-defendant. According to Cantrell, this information would have altered his previous counsel's preparation for the first suppression hearing. He also asserts that the Government violated its duty under Brady v. Maryland, 373 U.S. 83 (1963), to provide him with exculpatory evidence before trial.

This argument is a plain attempt to relitigate issues previously addressed by the Court. As explained in the Court's second suppression order, knowledge of the confidential informant's identity prior to the first suppressing hearing would not have altered the outcome. Neither party could present testimony of this witness at the suppression hearing because the Court's review of the probable cause supporting a warrant was limited to the information presented to the magistrate who issued the warrant. See United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996). The Court's second suppression order also addressed

the Government's position on Cantrell's use of code in reference to his co-defendant and concluded that probable cause existed for the search warrant even without any information related to the co-defendant.

During argument on his pending motion to dismiss, Cantrell conceded that he could point to no piece of evidence that the Government could have or should have disclosed. It is clear to the Court that Cantrell takes issue, not with the Government's failure to disclose any material evidence, but with the Government's failure to disclose its theory of the case. This does not amount to a Brady violation. See United States v. Wilson, 624 F.3d 640, 661 (4th Cir. 2010) ("In order to prove that the Government's failure to tender certain evidence constitutes a Brady violation, the burden rested on [the defendant] to show that the undisclosed evidence was (1) favorable to him either because it is exculpatory, or because it is impeaching; (2) material to the defense, i.e., prejudice must have ensued; and (3) that the prosecution had materials and failed to disclose them.") (emphasis added). The Court finds that the Government has not violated its Brady obligations.

Assuming in arguendo the Government had committed a Brady violation, dismissal of the Indictment would not be an appropriate remedy. "[T]he remedy for a Brady violation is vacatur of the

judgment of conviction and a new trial in which the defendant now has the Brady material available to [him]." Owens v. Baltimore City State's Att'ys Off., 767 F.3d 379, 406 (4th Cir. 2014) (alterations in original) (quoting Poventud v. City of New York, 750 F.3d 121, 133 (2d Cir. 2014)).  Cantrell possesses all of the requested information and will not be deprived of his right a fair trial.  The Court denies his motion to dismiss.

### III. CONCLUSION

For the reasons discussed, the Court **DENIES** Cantrell's motion to dismiss [ECF No. 188].

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: October 3, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA